IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Brian T. Wainscott, | ) | C/A No. 1:09-1522-JFA-SVH |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| Michael J. Astrue, Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The plaintiff, Brian T. Wainscott, brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the Commissioner of Social Security (Commissioner) denying his claim for supplemental security income (SSI) and disability insurance benefits (DIB) under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401–433, 1381–1383c.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein she suggests that the Commissioner's decision to deny benefits is supported by substantial evidence. The Magistrate Judge opines that the Commissioner's decision should be affirmed.

The parties were advised of their right to submit objections to the Report and Recommendation which was filed on August 9, 2010. Neither party has objected to the Report. In the absence of specific objections to the Report of the Magistrate Judge, this court

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). It thus appears this matter is ripe for review.

## PROCEDURAL HISTORY

The plaintiff applied for DIB and SSI on January 26, 2005 alleging disability as of December 7, 2000 due to head and back injuries relating to a fall while working on a construction site. The plaintiff was 35 years old at the time of the Administrative Law Judge's (ALJ) decision. He completed the eleventh grade and has past work experience as a construction foreman, a carpenter, a busboy, a heavy equipment operator, and a welder.

The plaintiff's applications were denied initially and on reconsideration. The ALJ held a hearing and later issued a decision on August 21, 2007, concluding that the claimant was not disabled. Once approved by the Appeals Council, the ALJ's decision became the final decision of the Commissioner. Plaintiff thereafter filed this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner.

## STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is narrowly tailored "to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). Section 205(g) of the Act provides, "[t]he findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive. . ." 42 U.S.C. § 405(g). The phrase "substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial

evidence.'

*Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir.1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir.1966)). In assessing whether there is substantial evidence, the reviewing court should not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (alteration in original).

The Commissioner is charged with determining the existence of a disability. The Social Security Act, 42 U.S.C. §§ 301–1399, defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (2004). This determination of a claimant's disability status involves the following five-step inquiry: whether (1) the claimant is engaged in substantial activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in Appendix I of 20 C.F.R. Part 404, subpart P; (4) the claimant can perform [his or] her past relevant work; and (5) the claimant can perform other specified types of work. *Johnson v. Barnhart*, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520(a)(4)(i)–(v) (2005)).

If the claimant fails to establish any of the first four steps, review does not proceed to the next step. *See Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1993). The burden of production and proof remains with the claimant through the fourth step. However, if the

claimant successfully reaches step five, then the burden shifts to the Commissioner to provide evidence of a significant number of jobs in the national economy that a claimant could perform. *See Walls*, 296 F.3d at 290. This determination requires a consideration of "whether the claimant is able to perform other work considering both his remaining physical and mental capacities (defined as residual functional capacity) and his vocational capabilities (age, education, and past work experience) to adjust to a new job." *Hall v. Harris*, 658 F.2d 260, 264-65 (4th Cir. 1981). If the claimant is found to have the ability to adjust to other work, the Commissioner will not find him disabled. 20 C.F.R. § 404.1520(g)(2).

## Discussion

### *The ALJ's Findings*

In his decision of September 17, 2008, the ALJ made the following findings: At Step 1, the ALJ found that the plaintiff had not engaged in substantial gainful activity since his alleged onset date, December 7, 2000. At Step 2, the ALJ found that the plaintiff had the following severe impairments: residuals of a lumbosacral spine injury, residuals of a possible closed head injury with borderline intellectual functions, and side effects of medications. At Step 3, the ALJ found that plaintiff did not have an impairment that met or equaled an impairment listed. At Step 4, the ALJ found that plaintiff had the residual functional capacity (RFC) to perform light work restricted to simple routine tasks with no more than occasional interaction with the public or team type interaction with co-workers; no stooping, twisting, crouching, climbing, balancing, using foot pedals or controls with the right lower extremity, and being exposed to hazardous environments. The ALJ also found the RFC to perform simple routine tasks that plaintiff retained was inconsistent with his past

work, which included semi-skilled and skilled work activities, thus, Plaintiff was precluded from performing his past work. At Step 5, the ALJ found that plaintiff could perform a significant number of jobs in the national economy and, therefore, was not disabled.

*The Plaintiff's Argument*

The plaintiff contends that the ALJ erred by (1) not properly determining plaintiff's RFC in being able to perform light work; (2) improperly discounting the plaintiff's treating physician's opinions; (3) improperly considering the impact of all of plaintiff's impairments on his ability to work; and (4) failing to consider plaintiff's subjective complaints of disabling symptoms and finding they were not entirely credible.

*The Magistrate Judge's Report and Recommendations*

The Magistrate Judge recommends that the Commissioner's decision be affirmed because the ALJ properly considered all of the legal standards and that the ALJ's decisions were based on substantial evidence. As noted previously, neither party filed objections to the Report.

CONCLUSION

It is the duty of the ALJ reviewing the case, and not the responsibility of the courts, to make findings of fact and resolve conflicts in the evidence. This court's scope of review is limited to the determination of whether the findings of the Commissioner are supported by substantial evidence taking the record as a whole, *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996), and whether the correct law was applied," *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002).

After a careful review of the record, including the findings of the ALJ, the briefs from the plaintiff and the Commissioner, the Magistrate Judge's Report, this court finds that the ALJ's decision was supported by substantial evidence and that the ALJ did not incorrectly apply the law in his decision. The court adopts the Magistrate Judge's Report and Recommendation in full.

Accordingly, the Commissioner's decision is hereby affirmed.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

September 7, 2010
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge